**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1142
_____

OSCAR ALVARADO,
                                        Appellant

v.

SUPERINTENDENT SOMERSET SCI;
DISTRICT ATTORNEY PHILADELPHIA;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-17-cv-03283)
District Judge: Honorable Nitza I. Quinones Alejandro
_____

Argued July 16, 2021
_____

Before: McKEE, GREENAWAY JR., and RESTREPO, *Circuit Judges*

(Opinion filed: September 15, 2021)

Eleanor R. Barrett
Jean W. Galbraith
Benjamin Brown-Harkins
Jenifer Norwalk
Rebecca Wallace [Argued]
University of Pennsylvania Carey Law School
Appellate Advocacy Clinic
3501 Sansom Street
Philadelphia, PA 19104

Ilana H. Eisenstein
DLA Piper
1650 Market Street
One Liberty Place, Suite 5000
Philadelphia, PA 19103

    *Counsel for Appellant*

David Napiorski [Argued]
Philadelphia County Office of District Attorney
3 South Penn Square
Philadelphia, PA 19107

    *Counsel for Superintendent Somerset SCI, District Attorney Philadelphia, Attorney General Pennsylvania*

_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

Oscar Alvarado was convicted of second degree murder after his non-testifying co-defendant's statement was admitted in their joint trial and used against him in violation of his Sixth Amendment Confrontation Clause rights under *Bruton v. United States*.[1] The Government concedes that admitting the improperly redacted statement did violate Alvarado's rights under *Bruton*, that Alvarado's trial counsel was constitutionally ineffective for failing to object or otherwise cure the violation, and that any procedural default at the federal habeas stage is excused under *Martinez v. Ryan*.[2] Accordingly, the

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] 391 U.S. 123 (1968).
[2] 566 U.S. 1 (2012).

only issue before us is whether, under the second prong of *Strickland v. Washington*, the unconstitutionally admitted statement prejudiced Alvarado.[3] We conclude that it did not. Thus, we will affirm the District Court.[4]

## I.

Oscar Alvarado was accused of robbing a drug dealer and shooting another person afterward. At trial, defense counsel argued that Alvarado was guilty of third-degree murder rather than second degree because the prosecution had not proven the predicate felony of robbery. The jury convicted him of second-degree murder. Alvarado argues that the incriminating, improperly redacted statement of his co-defendant, Cynthia Alvarado, provided the "linchpin" for the government's robbery case.[5] We disagree.

The Government was able to establish the predicate offense of robbery with the testimony of Edwin Schermety, who witnessed Oscar Alvarado enter the park and take something from a drug dealer while holding a gun to his stomach, and Margie Beltran, who testified that Oscar Alvarado returned from the park with thirty Xanax he did not previously have. Beltran also testified that before Oscar Alvarado went into the park, she told him to try to get extra free pills because they had purchased a large number of

---

[3] 466 U.S. 668 (1984). Habeas petitioners "are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

[4] The District Court had jurisdiction to consider Alvarado's petition under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the underlying merits de novo because Alvarado did not present the issue to the state courts. *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017).

[5] Appellant's Br. at 4.

pills earlier that day. Beltran testified that Cynthia Alvarado then told Oscar Alvarado to pull out his gun if he was not offered a deal.

Accordingly, although Cynthia's improperly admitted statement confirmed Schermety's and Beltran's testimony, the Government was able to establish the elements of robbery independent of her statement. In fact, her statement was unnecessary to prove Oscar Alvarado committed second degree (or felony) murder beyond a reasonable doubt.[6]

Alvarado relies upon *Johnson v. Superintendent Fayette SCI* in arguing that Cynthia's statement improperly corroborated the unreliable testimony of Schermety and Beltran.[7] However, there, the credibility of a witness who testified about Johnson's motive and an eyewitness were each severely impeached by testimony from other witnesses.[8] In contrast, here, the main elements of Beltran's and Schermety's testimony were not contradicted.

The main inconsistencies between Schermety and Beltran's testimony were not sufficient to cause a reasonable juror to doubt their credibility. Schermety testified that Oscar robbed a man, but Beltran testified that a woman's voice said, "[H]e took my pills."[9] However, regardless of how typically masculine or feminine the voice was, the witnesses agreed that someone stole his/her pills.

---

[6] "A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa. Cons. Stat. § 2502(b). Robbery is established when, as relevant here, the person "in the course of committing a theft . . . threatens another with or intentionally puts him in fear of immediate bodily injury." 18 Pa. Cons. Stat. § 3701(a)(ii).
[7] 949 F.3d 791, 797 (3d Cir. 2020).
[8] *Id.* at 803.
[9] JA 158.

4

Next, Schermety testified that Oscar shot from the driver's side window. That was corroborated by another witness as well as the medical examiner's analysis. However, Beltran testified that Oscar put his hand over the roof of the car before shooting. But, Beltran admitted that she "didn't really see because [she] ducked and [she] threw [her]self on the baby" who was in the back of the car with her.[10]

Finally, Schermety testified he saw the back of the shooting victim's head "open up" when in reality she was shot in the chest.[11] However, both a responding police officer and another witness also thought she had been shot in the face. Thus, the fact that Schermety believed she was shot in the head does nothing to undermine Schermety's testimony.[12]

## II.

Accordingly, we will affirm the District Court's denial of Alvarado petition for a writ of habeas corpus.

---

[10] JA 159.

[11] JA 111.

[12] Alvarado also argues, relying on *Brown v. Superintendent Greene SCI*, 834 F.3d 506 (3d Cir. 2016), that Beltran's credibility is worrisome as she ingested several Xanax pills before the events to which she testified. This Court noted in *Brown*, however, that the witness had substantial credibility issues because he was impaired from both marijuana and Xanax, changed his narrative, and had a motive to lie. 834 F.3d at 250. Whereas here, Beltran's testimony was generally consistent with other witnesses, and she had ingested Xanax only at the time of the events. Therefore, the concern as to credibility does not rise to the level of that in *Brown*.

5